UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re: JOHN AGEE,

Debtor.                                                              BANKR. CASE NO. 04-41034
_____/

JOHN AGEE,                                                      CIVIL CASE NO. 04-40205

Appellant,

v.                                                                        HONORABLE PAUL V. GADOLA
                                                                          U.S. DISTRICT COURT
FENTON POURED WALLS, INC.,

Appellee.
_____/

## ORDER DENYING REHEARING

Before the Court is Debtor/Appellant John Agee's Motion for Rehearing pursuant to Bankruptcy Rule 8015. Agee finds error with the Court's Opinion and Order Affirming the Decision of the Bankruptcy Court, issued on August 12, 2005, which stated:

> Throughout his brief, Agee argues that he is attempting to exercise his right to cure under 11 U.S.C. § 1322(b)(2). Yet, § 1322(b)(2) refers to a debtors ability to modify the rights of a claim holder; it is § 1322(b)(5) that controls a debtor's right to cure. [*Land Bank of Louisville v.*] *Glenn* was, and this case is, concerned with § 1322(b)(5).

Opinion, at 8. 11 U.S.C. § 1322(b)(2) allows a Chapter 13 plan to modify the rights of claim holders, whereas § 1322(b)(5) provides for the curing of any default. The Court upheld the Bankruptcy Court's application of *Land Bank of Louisville v. Glenn*, 760 F.2d 1428, 1435 (6th Cir. 1985) to Agee's case.

Agee, however, states that his case is concerned with § 1322(b)(2) and not (b)(5). He points to his Chapter 13 plan which classifies Appellee Fenton Poured Walls, Inc.'s ("Fenton") claim as a modified claim pursuant to 11 U.S.C. § 1322(b)(2). Mot., Ex. A, at 3. Fenton argues that Agee is precluded from making this argument in his motion for rehearing because it was not raised in Agee's initial appellant brief. Agee contests this characterization, relying on his Chapter 13 plan and an obscure argument he made to the court below.

Nevertheless, Agee never once argued to this Court that he was seeking to modify Fenton's claim or that *Glenn* did not apply to his case because his plan classified Fenton's claim under § 1322(b)(2). Throughout his appellant brief he continually represented to the court that he was attempting to cure his default. Agee cannot raise this issue now. *See Frazier v. Huffman*, 348 F.3d 174, 176 (6th Cir. 2003) ("Issues raised for the first time in a petition for rehearing are generally not considered."); *Costo v. United States*, 922 F.2d 302, 302-303 (6th Cir. 1990) ("Generally, an argument not raised in an appellate brief or at oral argument may not be raised for the first time in a petition for rehearing.").

**ACCORDINGLY, IT IS HEREBY ORDERED** that Debtor/Appellant John Agee's Motion for Rehearing [docket entry 11] is **DENIED**.

**SO ORDERED.**

Dated:   November 7, 2005                         s/Paul V. Gadola
                                                  HONORABLE PAUL V. GADOLA
                                                  UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   November 7, 2005  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
              Steven F. Alexsy; Kevin W. Kevelighan                        , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____.

                                                  s/Ruth A.Brissaud
                                                  Ruth A. Brissaud, Case Manager
                                                  (810) 341-7845

3